FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 26, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAFAEL MENDOZA SANCHEZ,<br><br>Defendant. | No. 4:21-cr-06043-SMJ<br><br>**ORDER DENYING MOTION TO DISMISS** |

Before the Court is Defendant's Motion and Memorandum Re: Dismiss Indictment, ECF No. 31. This motion was set for oral argument on June 3, 2022. The Court, however, has reviewed the pleadings and relevant record and finds this motion suitable for resolution without oral argument. Defendant is charged with being an alien in the United States after removal and now challenges the underlying removal. For the reasons that follow, the Court finds that Defendant cannot show he had a plausible claim to relief and denies the motion on this basis.

## BACKGROUND

Defendant is a citizen of Mexico and was admitted to the United States in September of 2004 as a Lawful Permanent Resident ("LPR"). ECF No. 32-1. It

ORDER DENYING MOTION TO DISMISS – 1

1  appears he has remained in the United States since 2004, when he was originally
2  admitted.
3        On April 20, 2010, Defendant was served with a Notice to Appear ("NTA")
4  before an immigration judge, which alleged that, in January of 2008, Defendant had
5  been convicted of third-degree theft—an aggravated felony under 8 U.S.C.
6  § 1101(a)(43)(G). ECF No. 32-1. Several months later, Defendant was served with
7  a second NTA ECF No. 32-2. This second NTA alleged that Defendant had been
8  convicted, again, of third-degree theft, this time in March of 2010. The second NTA
9  also charged Defendant with being subject to removal from the United States for
10 having "been convicted of two crimes involving moral turpitude not arising out of a
11 single scheme of criminal conduct." *Id.*
12       Defendant retained counsel and submitted an application for cancellation of
13 removal on November 8, 2011. ECF No. 32-3. That same day, an immigration judge
14 ("IJ") held a hearing at which Defendant's counsel proffered that Defendant's
15 eligibility for cancellation of removal hinged on whether Defendant accrued
16 residency while his parents were LPRs and Defendant was a minor. ECF No. 32-4
17 at 3–4. The IJ noted that the same legal argument was then pending review before
18 the Supreme Court in *Holder v. Martinez-Gutierrez*, 566 U.S. 583 (2012). Given
19 this, and to allow Defendant's probation officer time to submit a letter, the IJ
20

ORDER DENYING MOTION TO DISMISS – 2

continued the hearing, though he noted that he did not anticipate a ruling in *Martinez-Gutierrez* by that time. *Id.* at 4–5.

On March 18, 2012, the immigration judge held another hearing.[1] ECF No. 32-5. An attorney for the Government argued that Defendant was statutorily barred from eligibility for cancellation of removal on the basis of his aggravated felony conviction. ECF No. 32-5 at 3. Given this, the immigration judge informed Defendant's counsel that Defendant would be eligible for cancellation of removal only if he obtained a sentence reduction on his 2008 third degree theft conviction. *Id.* at 4. The IJ then asked Defendant's counsel: "[w]hen do you think you'll be able to get a sentence reduction?" Defendant's counsel responded that "we can definitely get [to] work on it in the next 30 days." *Id.* at 7.

After these hearings, the Supreme Court decided *Martinez-Gutierrez* and reversed the Ninth Circuit decision that Defendant relied upon to establish eligibility for cancellation of removal. *See Martinez-Gutierrez*, 566 U.S. at 598 (holding noncitizens eligible for cancellation of removal only if they have no less than five years of LPR status and seven years of continuous residence in the United States without imputing a parent's years of LPR status or residence).

On June 26, 2012, the IJ denied Defendant's application for cancellation of removal and ordered Defendant removed to Mexico. ECF No. 32-6. In the Order,

---

[1] At this time, *Martinez-Gutierrez* still had not been decided.

ORDER DENYING MOTION TO DISMISS – 3

the IJ held that after the Supreme Court's decision in *Martinez-Gutierrez*, Defendant could not meet the LPR status and residency requirements to be eligible for relief due to "a stop time problem." *Id.* The IJ further held that Defendant was statutorily ineligible for relief due to his conviction for an aggravated felony and noted that Defendant had not shown "any effort, let alone success, in obtaining the sentence reduction on the 365 day sentence." *Id.*

On July 25, 2012, Defendant filed a Notice of Appeal to the Board of Immigration Appeals ("BIA"). ECF No. 32-7. In his appeal, Defendant argued that the IJ abused his discretion by denying a continuance to allow Defendant to (1) seek post-conviction relief on Defendant's theft conviction, and (2) determine whether *Martinez-Gutierrez* operated retroactively to render him ineligible for cancellation of removal. *See id.* at 2. On March 29, 2013, the BIA dismissed the appeal, holding that Defendant "presented no evidence with this appeal that his theft conviction has been vacated, and therefore [Defendant] has not established that the Immigration Judge's denial of his continuance request has compromised the fairness of his removal proceedings." ECF No. 32-8.

On April 16, 2013, Defendant petitioned the Ninth Circuit Court of Appeals for review. ECF No. 32-9. On March 12, 2014, the Ninth Circuit dismissed Defendant's petition for his counsel's failure to file an opening brief. ECF No. 32-10.

ORDER DENYING MOTION TO DISMISS – 4

Defendant now collaterally attacks his underlying removal and moves to dismiss the indictment charging the instant offense. ECF No. 31. Defendant submits that "the removal order is invalid as he was denied effective assistance of counsel when his Ninth Circuit Petition was dismissed for failure to file a brief." ECF No. 31 at 2. The Government opposes the motion, arguing that the appeal was meritless, and that Defendant has no plausible claim to relief. ECF No. 32 at 1–2. Because the Court is satisfied that Defendant cannot establish a plausible claim to relief, the Court denies his motion on this ground alone.

## DISCUSSION

### A. Defendant Fails to Establish Prejudice

A valid prior order of removal is a predicate to a violation of 8 U.S.C. § 1326. *United States v. Lopez*, 762 F.3d 852, 858 (9th Cir. 2014). Thus, a defendant charged with illegal reentry can defend against the charge by attacking the validity of the prior removal. *United States v. Raya-Vaca*, 771 F.3d 1195, 1201 (9th Cir. 2014) (quoting *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1047 (9th Cir. 2004)). To successfully challenge the validity of an underlying removal order, a defendant must demonstrate: (1) that he exhausted any administrative remedies that may have been available to seek relief against the order; (2) the removal proceedings at which the order was issued improperly deprived the noncitizen of the opportunity for judicial review; and (3) the entry of the order was fundamentally

Case 4:21-cr-06043-SMJ    ECF No. 36    filed 05/26/22    PageID.161    Page 6 of 8

unfair. 8 U.S.C. § 1326(d). To show fundamental unfairness, the defendant must show that his "due process rights were violated by defects in his underlying [removal] proceeding," and that "he suffered prejudice as a result of those defects." *United States v. Melendez-Castro*, 671 F.3d 950, 953 (9th Cir. 2012) (internal quotation marks omitted). Showing prejudice in this context does not require the noncitizen "show he actually would have been granted relief," but instead requires a showing "that he had a plausible ground for relief from [removal]." *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1050 (9th Cir. 2004).

      **1.**    **Cancellation of removal**

Cancellation of removal is authorized under 8 U.S.C. § 1229b, which grants the Attorney General authority to cancel removal if a noncitizen (1) has been [a noncitizen] lawfully admitted for permanent residence for not less than five years, [and] (2) has resided in the United States continuously for 7 years after having been admitted in any status, and (3) has not been convicted of any aggravated felony." 8 U.S.C. § 1229b(a). "Any period of continuous residence or continuous physical presence in the United States shall be deemed to end (A)… when the alien is served a notice to appear under section 1229(a) of this title, or (B) when the alien has committed an offense referred to in section 1182(a)(2) of this title that renders the alien inadmissible to the United States under section 1182(a)(2) of this title or

ORDER DENYING MOTION TO DISMISS – 6

removable from the United States under section 1227(a)(2) or 1227(a)(4) of this title, whichever is earliest." 8 U.S.C. § 1229b(d)(1).

Here, Defendant was lawfully admitted to the United States on September 20, 2004. ECF No. 32-3 at 1. Less than four years later, on January 8, 2008, Defendant was convicted of third-degree theft and sentenced to 365 days imprisonment—an offense that is both a crime involving moral turpitude under 8 U.S.C. § 1182(a)(2) as well as an aggravated felony under § 1227(a)(2). Given this, Defendant's period of continuous residence in the United States ended, or stopped, on January 8, 2008. Thus, at the time Defendant applied for cancellation of removal in 2011, he had not "resided in the United States continuously for 7 years" after having been admitted as a LPR. 8 U.S.C. § 1229b(a)(2). Moreover, Defendant was served with an NTA on April 20, 2010, terminating his continuous residence only six years after he was admitted as an LPR. ECF No. 32-1. Both of these instances rendered Defendant statutorily ineligible for cancellation of removal at the time he applied, and he therefore had no plausible ground for relief from removal.

It is unclear how a sentence reduction on Defendant's third-degree theft conviction would have affected Defendant's statutory eligibility under the continuous residence requirement, as Defendant has not briefed this issue despite the potential for a sentence reduction being the only argument he advances.

ORDER DENYING MOTION TO DISMISS – 7

However, even to the extent a potential sentence reduction could have rendered Defendant statutorily eligible for relief, the Court finds that Defendant has not shown it is plausible that his proposed appeal to the Ninth Circuit would have been successful. For instance, Defendant has not shown that he ever attempted to receive the desired sentence reduction, nor has he shown that his sentence was in fact reduced. Accordingly, Defendant has failed to show a plausible ground for relief.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion and Memorandum Re: Dismiss Indictment, **ECF No. 31**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 26th day of May 2022.

_____
SALVADOR MENDOZA, JR.
United States District Judge